HEARD APRIL TERM, 1878.

CASE No. 602.

WILLIAM C. BARRETT, TRUSTEE OF MRS. JANE M. MACKAY, v. JAMES N. COCHRAN AND JOHN M. MACKAY, JR.

1. Where a referee's finding of a fact is confirmed by the Circuit judge, it will be regarded as conclusive, unless it is without any evidence to sustain it, or is against the manifest weight of the evidence.

2. A deed made to "A, trustee for B," and bond and mortgage executed at same time by and in the name of " A, trustee for B," with no further declaration of a trust, except that the condition of the bond is expressed to be for the payment of money " out of the estate which may be held by me as such trustee," &c., are not sufficient evidence to prove a previously existing trust in favor of B.

3. Distinction drawn between this case and *Mathews* v. *Heyward*, 2 *S. C.* 239.

Before ELLIS G. GRAYDON, ESQ., Presiding Judge by special appointment, Abbeville, September Term, 1877.

John M. Mackay, Sr., of New York, contracted with James N. Cochran for the purchase of some lands and mills in Abbeville county, for the price of $14,250, part of which was paid in cash and balance secured by bond and mortgage. By direction of said Mackay, the deed was made to William C. Barrett, trustee of Mrs. Jane M. Mackay, who was wife of John M. Mackay, Sr., and the bond and mortgage were executed by William C. Barrett, trustee of Mrs. Mackay. Cochran had no notice that Barrett was trustee of Mrs. Mackay, beyond the execution of these papers. Subsequently, Barrett brought his action in Abbeville against Cochran, to have the bond and mortgage reformed, and the amount thereby secured reduced, upon the ground of fraud and misrepresentation. Cochran answered, denied all fraud, &c., and prayed a foreclosure. After judgment of foreclosure was had, John M. Mackay, Jr., filed his petition, alleging that the payment on the land had been made with moneys of his mother, and that he was her sole heir-at-law, she having died since the execution of the deed to Barrett, trustee; and that petitioner was, therefore, the owner of the land, the real party in interest, and a necessary party to the proper determination of the case. This petition was refused by the Circuit judge, but on appeal to the Supreme Court was granted. See 8 *S. C.* 48. John M. Mackay, Jr., was then made a party defendant by amended pleadings served in behalf of Cochran.

Mackay, Jr., answered this amended pleading, of which answer only the first and second sections relate to matters involved in the appeal. They are as follows :

1. That on or about the　　　 day of March, 1869, Mrs. John

M. Mackay, the mother of this defendant, was seized and possessed, in her own right, of certain real and personal property, and particularly was the possessor of $7000 in money, which said money, on or about the said date, she delivered to the plaintiff herein, in trust, to invest the same in her name, and for her sole use, benefit and behoof, at such time or times and in such manner as she should direct.

2. That subsequently thereto, and on or about the 5th day of April, 1869, said Barrett, as defendant is informed and believes, made an agreement with the defendant, James N. Cochran, to purchase of said Cochran the lands and premises in the complaint mentioned, in which agreement said Barrett assumed and pretended to act as the trustee of said Jane M. Mackay ; and that thereupon a deed of conveyance of said premises was executed and delivered by said defendant, James N. Cochran, to said William C. Barrett, as trustee of said Jane M. Mackay, and simultaneously therewith, or as the consideration therefor, said plaintiff assuming to act as such trustee, but without the knowledge or authority of said Jane M. Mackay, paid to the said defendant, Cochran, a portion of the said trust fund, amounting to $6660, as this defendant is informed and believes, and also in the same character, subsequently thereto, executed and delivered the bond and mortgage mentioned in the complaint herein.

To these allegations Cochran replied as follows:

1. That this defendant is informed and believes there was no prior trust in regard to the money paid in part for the purchase of Douglass mills.

John M. Mackay, Sr., purchased the land for himself and with his own money, and directed the deed to be made to Barrett, trustee for Mrs. Jane M. Mackay, as a donation from her husband, as this defendant was led to believe.

2. That if there was a parol trust, such as alleged, in New York, where the parties resided, such trust was not in writing, not recorded, was kept secret and entirely unknown to James N. Cochran, who was informed by John M. Mackay, Sr., who made the contract of purchase, that the purchase was for himself, and not a doubt was suggested that the money with which he purchased was his own.

3. This defendant and John M. Mackay closed the contract in South Carolina, in February, 1869, and at the instance of John M. Mackay, Sr., titles were made to and mortgage simultaneously executed as part of the same transaction, by William C. Barrett, "trustee for Mrs. Jane M. Mackay," April 7th, 1869. These papers were executed in the city of New York, where the parties resided, and both Mrs. Mackay and John M. Mackay, Jr., wife and son of John M. Mackey, Sr., as this defendant knows, were fully informed of the whole agreement and execution of the papers, and approved the whole matter.

4. That if a parol trust, such as alleged, existed in New York, John M. Mackay, Sr., was the agent of all the parties, the trustee of W. C. Barrett, and also of his wife, Jane M. Mackay, and his son, John M. Mackay, Jr.; and this defendant knows that they approved the purchase when made by him, and kept possession of the land, through said agent, until the land was about being sold to pay the purchase money, March 30th, 1875, when John M. Mackay, Sr., procured the petition *in re* to be filed in the name of his son, John M. Mackay, Jr.

Neither the petition nor his answer in this case, was sworn to by John M. Mackay, Jr., and this defendant charges that he did not swear to his answer, for the reason that the facts stated are untrue.

The questions at issue were referred to A. Burt, Esq., referee. Cochran introduced testimony, but Mackay, Jr., did not offer any. The referee, in his report, made the following findings of fact, *inter alia:*

1. That the treaty for the purchase of the lands in controversy was conducted by John M. Mackay, Sr., and James N. Cochran, the vendor, without any disclosure or intimation that the said Mackay was an agent, or that the purchase was made for another.

2. That the $500 paid by Mackay to Cochran to bind the bargain, and the cash payment made when the deed of conveyance was executed to Barrett, were not the money of Jane M. Mackay in the hands of John M. Mackay, Sr., or of William C. Barrett.

3. That neither Cochran or his wife, at any time before or after the purchase, until proceedings were instituted by John M.

Mackay, Jr., the defendant had notice or information that the cash payment of the purchase money was of the separate estate of Jane M. Mackay or funds of hers, to be invested by her husband, John M. Mackay, or William C. Barrett.

4. That the deed of conveyance is made to William C. Barrett, trustee of Jane M. Mackay, and that no trust for her, or for another, is declared in the deed.

Northrop, Justice, held court at Abbeville, September Term, 1877. Having been of counsel in this cause, Ellis J. Graydon, Esq., was commissioned specially to hear and determine the case. The referee's report was confirmed by Mr. Graydon, and a sale of the mortgaged premises was ordered.

Mackay, Jr., then gave notice of appeal to this court.

*Mr. Ed. J. Maxwell,* for appellant.

*Mr. S. McGowan,* for respondent, Cochran.

May 21st, 1878. The opinion of the court was delivered by

McIVER, A. J. The facts of this case are so fully and clearly stated in the report of the referee, that it is only necessary to advert to the precise question raised by this appeal. The fundamental allegation upon which this appeal is based is, that funds used to make the cash payment on the land mortgaged, were trust funds. It was incumbent upon the appellant to establish this allegation by proof, and this he has wholly failed to do, while on the other hand the testimony adduced by the respondent goes far to show the contrary. The referee having found the fact to be that the funds so used were not trust funds, and such finding having been confirmed by the decision of the Circuit judge, under the well-established rule of this court, it will be regarded as conclusive, unless it is without any evidence to sustain it, or is against the manifest weight of the evidence. So far from this being the case, it is very obvious, from the most casual reading of the testimony, that the finding of the referee is fully supported by the evidence.

It is argued, however, that while there was no evidence introduced in the usual way to establish this essential allegation on

the part of the appellant, yet that, inasmuch as such allegation was distinctly made in the answer of appellant, setting up a counter claim, and not denied in the reply filed by the respondent, Cochran, it must be taken as admitted. This argument rests upon two assumptions. 1st. That the portion of the answer in which this allegation was made, sets up a counter claim. 2d. That such allegation is not properly denied in the reply. It may admit of very serious doubt whether such portion of the appellant's answer can be regarded as setting up a counter claim.

It is manifest that the appellant could not have so intended it at the time the answer was prepared, for, after stating in the first five paragraphs the facts upon which he relied as constituting his defence, growing out of the assumption of the trust character of the funds used in making the cash payment on the land, he proceeds in the sixth paragraph to say : " This defendant further alleges, *by way of counter claim,*" certain facts upon which he bases a charge of fraud, of which not a tittle of evidence was offered, and which was, therefore, very properly abandoned ; and in the seventh paragraph he says : " That *as a further* counter claim," &c., setting up a misrepresentation in the quantity of the land sold, which was likewise abandoned. This mode of setting up defences was well calculated to induce the respondent, Cochran, to suppose that the appellant did not regard the allegations contained in the first five paragraphs of his answer as setting up a counter claim, for, when he sets up further defences of this character in the sixth and seventh paragraphs of his answer, he distinctly says that he sets up such defences *by way of counter claim,* plainly implying that his first defence was not of that character. Hence, we think that the appellant must be regarded as not intending the first five paragraphs of his answer as a counter claim, as, otherwise, the conclusion would be that he intended to mislead the respondent. But as we are satisfied that, even though the defence set up in the first five paragraphs of the answer be regarded as a counter claim, the allegations upon which such defence rests are sufficiently denied by the reply, we deem it unnecessary to enter upon the inquiry whether such defence can properly be regarded as a counter claim.

The appellant, for the purpose of showing that the funds used

in making the cash payment on the land were trust funds, relies also upon the fact that the land was conveyed to W. C. Barrett as trustee, and the mortgage given by him in that character. No copy of the deed or mortgage is set out in the "case" presented here, but on the argument we were referred to the "case" presented on a former hearing of this cause, when it came up in one of its earlier stages as *Ex parte John M. Mackay, Jr.; In re W. C. Barrett, Trustee,* v. *James N. Cochran,* where the deed and mortgage are set out. The deed was to W. C. Barrett, trustee of Mrs. Jane M. Mackay, and not to him as such trustee, and the mortgage was given in the same way. No trusts whatever are declared or recited, and under the usual rule the words "trustee, &c.," appended to Barrett's name, might be regarded as mere *descriptio personæ.* It is true that in that part of the mortgage where the condition of the bond is recited, these words are used : "Conditioned for the payment of seven thousand six hundred and three dollars, *out of the estate which may be held* by me as such trustee," &c. These words, so far from going to show that any such trust estate previously existed, tend to show exactly the contrary. And, as was held by this court on the former hearing of this cause under the title above stated, it differs in this respect from the case of *Mathews* v. *Heyward,* 2 *S. C.* 239. For even if the addition of the word "trustee" to the name of Barrett should be regarded as sufficient to create a trust, this would be no evidence of the previous existence of such trust, as it might then, for the first time, have been raised; and such would be the natural inference if, as in the case now before the court, there was no evidence that such trust had previously existed. This inference is strengthened by the words used in reciting the condition of the bond, which are quoted above; the words "*may be held,*" implying that no such estate was *then* held by the trustee.

The appellant having failed to establish the allegation upon which this whole appeal rests—in fact, having offered no evidence whatever to sustain it—can take nothing by his appeal.

The judgment of the Circuit Court is affirmed.

Judgment affirmed.

WILLARD, C. J., and HASKELL, A. J., concurred.